IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TANAKA BIRDO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | CIVIL NO. 07-cv-572-JPG |
|  | ) |  |
| BRAD WOLENHAUPT, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate, this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___,

2009 WL 1361536, *13 (May 18, 2009).

**T<small>HE</small> C<small>OMPLAINT</small>**

Plaintiff alleges that on May 28, 2007, while confined at the Marion County Law Enforcement Center (Jail), he was taken off of "suicide watch" by Defendant Demijian without being seen by a psychiatrist or psychologist. Plaintiff states that he was assigned to a cell on "A Walk." Later that day while coming back from the gym, Plaintiff, who is black, had a run in with a white prisoner named Shanafelt. It appears that Plaintiff and Shanafelt had previous confrontations. Plaintiff contends, though, that the Jail staff favors white inmates over black inmates and, therefore, Defendant Calhoun suspended Plaintiff from the gym, but imposed no sanctions on Shanafelt. Additionally, Plaintiff claims that Calhoun - along with Defendants Fischer, Woods, and Gray - beat and assaulted him. Plaintiff further claims that he suffered injuries from this attack, but that Defendant Unknown Nurse failed to provide him any medical treatment or assistance for his injuries.

Based on the allegations of the complaint, the Court finds it convenient to divide Plaintiff's *pro se* action into **xxx** counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendant Demanjian for taking him off suicide watch in violation of Plaintiff's constitutional rights.

**COUNT 2:** Against Defendants Calhoun, Fischer, Woods, and Gray for using excessive force against him in violation of Due Process.

**COUNT 3**: Against Defendant Unknown Nurse for denying Plaintiff adequate medical care for his injuries in violation of Due Process.

**D<small>ISCUSSION</small>**

2

### A. Count 1.

Plaintiff's claim against Defendant Demanjian should be dismissed. The mere decision to remove Plaintiff from suicide watch - without more - does not rise to the level of a constitutional violation. *Cf. Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (mere disagreement with treatment does not amount to deliberate indifference under the Eighth Amendment).

### B. Count 2.

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses

3

of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Based on the foregoing, Count 2 of the complaint survives review under 28 U.S.C. § 1915A and should not be dismissed at this time.

**C. Count 3.**

Again, while Plaintiff's claims arise under the Fourteenth Amendment not the Eighth Amendment, the Eighth Amendment standard concerning deliberate indifference to a prisoner's serious medical needs applies to this case. *Farnham*, 394 F.3d at 478.

Deliberate indifference to the serious medical needs of prisoners may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Based on the foregoing, Plaintiff's claim that Defendant Unknown Nurse denied him medical care for his obvious injuries survives review under 28 U.S.C. § 1915A and, therefore, should not be dismissed at this time.

4

**D. Claims against Defendants Wolenhaupt and Elkins.**

Plaintiff's claims against Defendants Wolenhaupt and Elkins, however, should be dismissed. There is no indication that Defendants Wolenhaupt or Elkins was directly and personally involved in the events which allegedly violated Plaintiff's constitutional rights. Instead, Plaintiff appears to be attempting to hold these Defendantst liable because the other Defendants are their subordinates. The doctrine of respondeat superior, however, does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

**E. Plaintiff's mailing address.**

Before proceeding with this case, the Court observes that there appears to be an issue with Plaintiff's proper mailing address. At the time Plaintiff filed this action, he was confined at the Marion County Law Enforcement Center located in Salem, Illinois.

The Court's docket and case file, however, that an Order (Doc. 5) directing that monthly payments be made from Plaintiff's prison account was mailed to the Marion County Law Enforcement Center on or about August 16, 2007. This mail was returned to the Court as undeliverable on or about August 24, 2007. *See* (Doc. 6).

On February 28, 2008, an Order (Doc. 7) denying Plaintiff's motion for appointment of counsel was mailed to Plaintiff at the McKean Federal Correctional Institution, P.O. Box 8000, Bradford, Pennsylvania. It's unclear why the Clerk mailed this Order to the McKean Federal Correctional Institution because there is no indication in the Court's file that Plaintiff was ever confined in that facility. Not surprisingly, this mail was also returned to the Court as undeliverable. *See* (Doc. 8). A check with the Federal Bureau of Prisons indicates that Plaintiff is not confined in

a federal facility.

Local Rule 3.1(b) requires Plaintiff to keep the Clerk (and each opposing party) informed of any change in his location. This must be done in writing no later than 7 days after Plaintiff is transferred to another facility or any other change in his address. The failure to comply with Local Rule 3.1(b) can result in a dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Because there is some confusion over where Plaintiff is currently confined, the Court will not yet exercise its power to dismiss this case. Instead, based on the pleadings filed in this case, the Court will direct the Clerk to reset Plaintiff's mailing address as the Marion County Law Enforcement Center. If this Order is returned from the Marion County Law Enforcement Center as undeliverable, then this action will be dismissed for failing to comply with the Court's Local Rules.

**DISPOSITION**

**IT IS HEREBY ORDERED** that the Clerk of Court is **DIRECTED** to change Plaintiff's mailing address back to the Marion County Law Enforcement Center, 204 N. Washington Ave. Salem, Illinois 62881.

**IT IS FURTHER ORDERED** that **COUNT 1** of the complaint and all claims against **Defendants Wolenhaupt and Elkins** are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that because there are no claims pending against them, **Defendants Wolenhaupt, Demijian, and Elkins** are **DISMISSED** as Defendants in this action.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form

for Defendants **Calhoun, Fischer, Woods, and Gray** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **Calhoun, Fischer, Woods, and Gray**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **Calhoun, Fischer, Woods, and Gray** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Party (Nurse) Defendant until such time as Plaintiff has identified this Defendant by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that

7

the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the

Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: July 30, 2009.**

                                                 s/ J. Phil Gilbert
                                                 **U. S. District Judge**