IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TANAKA BIRDO**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **07-572-JPG** |
| ) | |
| **BRAD WOLENHAUPT, et al.**, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to strike the defendants' answer to Counts II and III and all affirmative defenses.  **(Doc. 33).**  Plaintiff takes issue with the defendants' one-word denial of Counts II and III, and plaintiff argues the merits of each affirmative defense.

The Court may strike any defense that is insufficient or any redundant, immaterial, impertinent, or scandalous matter. **Fed.R.Civ.P. 12(f).**  Federal Rule of Civil Procedure 8(c) requires that any "avoidance or affirmative defense" be plead.  Federal Rule of Civil Procedure 8(a) requires only a short, plain statement of a claim. Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. ***Bell Atlantic Corp. v. Twombly,*** **550 U.S. 544, 555 (2007).**

With respect to the defendants' one-word denial of Counts II and III, Federal Rule of Civil Procedure 8(b)(1) requires that a party merely  "admit or deny" allegations made against it; and state in short and plain terms its defense to each claim asserted against it. However, Rule 8(b)(3) permits a general denial.  Given the nature of the claims, the type of defense(s) that would have to be plead are not readily apparent.  Therefore, the defendants' answer to Counts II

and III is proper.

The Court finds no procedural improprieties with respect to the defendants' affirmative defenses.  Plaintiff's arguments attacking the merits of the affirmative defenses and bolstering plaintiff's claims are not proper grounds for striking those affirmative defenses; rather, such arguments will be appropriate in response to any motion for summary judgment the defendants may file.  Plaintiff will also have the benefit of submitting affidavits and other evidence to substantiate his factual assertions.

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike (**Doc. 33**) is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED:  March 10, 2010**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
